966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Okie LITTRELL, Defendant-Appellant.
 No. 91-6453.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Okie Littrell appeals the enhancements of his sentence for obstruction of justice and his leadership role in a drug conspiracy. Littrell argues the district court erred in using his materially false statements because the statements to the court did not constitute an obstruction or impediment to the investigation. He also argues the court erred in the enhancement based on Littrell's role as a leader because there were only two people involved in the conspiracy.
 
 
 2
 On August 5, 1991, Okie Littrell appeared in federal district court to plead guilty to a charge of conspiracy and possession with the intent to distribute marijuana in violation of 21 U.S.C. § 846. Before Littrell took the oath, the court instructed Littrell that he should answer all questions truthfully. After Littrell was sworn, the court again cautioned him against lying and warned Littrell of the legal consequences of his actions. Littrell then proceeded to describe the events surrounding his commission of the offense.
 
 
 3
 Littrell testified that he and his co-defendant, Kenneth McDonald each contributed $65,000 in order to finance the purchase of two hundred pounds of marijuana from an undercover agent. Littrell minimized his role by implying that the transaction was McDonald's idea. He testified he was an unwilling participant in the transaction, stating he was uncomfortable with the purchase and that McDonald drove the car and held the money used in the purchase. He testified that McDonald was not a courier or "mule," but was an equal participant in the transaction and was going to split the proceeds from the sale equally with Littrell.
 
 
 4
 McDonald also testified under oath and was in direct conflict with Littrell's version of the events. After hearing McDonald and Littrell testify, the district court stated that one of the two defendants was lying. Withholding judgment as to who was lying, the court stated that he would have the matter investigated.
 
 
 5
 On November 25, 1991, during the sentencing hearing, Special Agent Richard Gilliland of the Tennessee Bureau of Investigation testified that Littrell's version of the events was not true. The court found that Littrell "told a lie under oath after being warned twice of the consequences." The district court also found that Littrell employed McDonald to act as a mule for only a small percentage of the estimated proceeds. The court found that Littrell was the organizing force responsible for the negotiations of the drug transaction. Based on these findings, the court imposed an upward enhancement for Littrell's leadership role under section 3B1.1 of the Federal Sentencing Guidelines.
 
 
 6
 Section 3C1.1 of the Federal Sentencing Guidelines provides that a defendant's base level shall be increased "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense...." United States Sentencing Commission, Guidelines Manual, § 3C1.1 (Nov. 1991). The application notes to section 3C1.1 set forth a non-exhaustive list of the types of conduct to which the enhancement applies, including "providing materially false information to a judge or a magistrate." U.S.S.G. § 3C1.1, comment. (n. 3(f)).
 
 
 7
 When applying section 3C1.1, a court should evaluate the defendant's testimony and statements in a light most favorable to the defendant. United States v. Head, 927 F.2d 1361, 1372 (6th Cir.), cert. denied sub nom., Black v. United States, 112 S.Ct. 144 (1991); U.S.S.G. § 3C1.1, comment. (n. 1). A false statement that deserves application of the obstruction enhancement is one that, if believed, would tend to influence the issue under determination. Head, 927 F.2d at 1372. The defendant must have made the untrue statement intentionally. Once the district court determines that a defendant under oath intentionally testified untruthfully as to a material fact, in other words, committed perjury, the district court may enhance the defendant's sentence under section 3C1.1 unless the court finds that the facts support a downward departure. United States v. Alvarez, 927 F.2d 300, 303 (6th Cir.), cert. denied, 111 S.Ct. 2246 (1991).
 
 
 8
 In the present case, the district court found that Littrell lied under oath. The district court also found that the lie was of a serious nature because it had the effect of undermining the judicial process. The district court found that Littrell lied in an effort to reduce his role in the transaction so as to receive a lesser sentence. Under these circumstances, its finding was not clearly erroneous.
 
 
 9
 Littrell also argues that it was error to apply section 3B1.1. This section allows an enhancement if the defendant was a leader or organizer of the criminal activity. Section 3B1.1(a) and (b) specifically addresses the sentencing of leaders of criminal activities that involve five or more participants. Section 3B1.1(c) provides for a two-level enhancement for leaders, organizers, managers or supervisors of criminal activity "other than described in (a) or (b)." U.S.S.G. § 3B1.1 (emphasis added). Section 3B1.1(c) is applicable to operations utilizing fewer than five participants. See U.S.S.G. § 3B1.1, comment. (n. 3). The district court found that Littrell was an organizer under this section.
 
 
 10
 We find no error in the findings or analysis of the district court. Accordingly, the judgment of the district court is affirmed.